# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS MACIEL VALADEZ, JAVIER ESQUIVEL TORRES, and ADRIAN PADILLA RODRIGUEZ, | ) ) ) | FILED: JUNE 27, 2008<br>08CV3702<br>JUDGE ST. EVE |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE KEYS<br>EDA |
| v. | ) ) | No. |
| F. ESPINOZA LANDSCAPING, INC. and FIDEL ESPINOZA, individually, | ) ) ) | Judge |
| Defendants | ) ) | |

## COMPLAINT

Plaintiffs Carlos Maciel Valadez, Javier Esquivel Torres, and Adrian Padilla Rodriguez ("Plaintiffs"), through their attorneys, for their Complaint against Defendants F. Espinoza Landscaping, Inc. ("Espinoza Landscaping") and Fidel Espinoza ("Espinoza") (collectively "Defendants") state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), and Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for (1) Defendants' failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours in individual workweeks, (2) Defendants' failure to pay Federal minimum wages to Plaintiffs for all time worked, (3) Defendants' failure to pay Illinois minimum wages to Plaintiffs for all time worked, (4) Defendants' failure to pay all earned wages to Defendants. Defendants' unlawful compensation

practices have (and have had) the effect of denying Plaintiffs their earned and living wages.

**THE PARTIES**

2.      Plaintiff Carlos Maciel Valadez is a citizen and resident of the State of Guanajuato, Mexico who, at times relevant herein during 2007, was lawfully admitted to the United States on a temporary work visa pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(b), (hereafter "H-2B" visa).

3.      Plaintiff Javier Esquivel Torres is a citizen and resident of the State of Guanajuato, Mexico who, at times relevant herein during 2007, was lawfully admitted to the United States on a temporary work visa pursuant to a H-2B visa.

4.      Plaintiff Adrian Padilla Rodriguez is a citizen and resident of the State of Guanajuato, Mexico who, at times relevant herein during 2007, was lawfully admitted to the United States on a temporary work visa pursuant to a H-2B visa.

5.      At all material times hereto, Plaintiffs were "employee(s)" of Defendants as that term is defined by the FLSA, IMWL, and IWPCA working within this judicial district.

6.      During the course of their employment by Defendants, Plaintiffs handled goods that moved in interstate commerce and were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §§206-07 or the IMWL, 820 ILCS 105/1 *et seq.*

7.      Defendant Espinoza Landscaping's principal place of business is located in Crystal Lake, Illinois, within this judicial district.

8.      Defendant Espinoza Landscaping is an Illinois corporation and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA, 29 U.S.C. §203(s)(1)(A).

2

9.    Defendant Espinoza is involved in the day-to-day business operations of Espinoza Landscaping. Among other things, Defendant Espinoza has the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including payroll accounts, and to participate in decisions regarding employee compensation and capital expenditures. Defendant Espinoza is an "employer" as defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS §105/3(c).

10.    Defendant Espinoza resides in this judicial district.

11.    At all relevant times, Defendants were Plaintiffs' "employers" as that term is defined by the FLSA, the IMWL, and the IWPCA.

**JURISDICTION AND VENUE**

12.    This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**BACKGROUND FACTS**

13.    For the calendar year 2007, Defendants petitioned the U.S. Department of Labor for permission to import temporary foreign workers into the U.S. through the U.S. government's "H-2B" visa program. Defendants sought these visas so that they could hire Mexican laborers, including Plaintiffs, to perform landscaping services.

14.    Upon information or belief, in 2007 Defendants recruited and hired Mexican workers, including Plaintiffs, to work for Defendant's company in the U.S. pursuant to the H-2B visas obtained by Defendants.

3

15.    Plaintiffs worked for Defendants pursuant to their H-2B visas at a contracted rate of originally $7.50 per hour.

16.    Plaintiffs typically worked in excess of fifty (50) hours in each individual work week, but were only compensated for forty (40) hours.

17.    Defendants paid the fees associated with Plaintiffs' H-2B visas, however Plaintiffs were later required to reimburse Defendants approximately $850.00 each for these H-2B visa fees.

18.    In order to travel to Defendants' operations and commence work in or around March 2007, Plaintiffs incurred various fees and expenses, including but not limited to, bus fare, train fare and subsistence from their hometown to U.S. Consular offices in Monterrey, Mexico, and from Monterrey, Mexico to Crystal Lake, Illinois.

19.    Plaintiffs incurred expenses of approximately $650 in traveling expenses from their homes in Guanajuato, Mexico to Crystal Lake, Illinois.

20.    During the course of their employment with Defendants, Defendants made unauthorized deductions from Plaintiffs' compensation. These deductions included, but are not limited to, approximately $50.00 for groceries and $1.00 a day for uniform costs. Plaintiffs did not authorize these deductions.

21.    Defendants required that Plaintiffs stay in housing provided by Defendants. When contracted to work for Defendants while still in Mexico, Plaintiffs were told by a recruiter and agent of the Defendants that said housing would cost $150.00 a month. However, when Plaintiffs arrived in Crystal Lake, IL, Defendants charged Plaintiffs an additional $50.00 a month for living costs.

4

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* in failing to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours in individual work weeks.

23.     At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).  Plaintiffs performed a variety of job duties and responsibilities for Defendants within this judicial district.

24.     At all material times hereto, Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

25.     During the course of their employment by Defendants, Plaintiffs were employed by Defendants and were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

26.     Plaintiffs were directed by Defendants to work in excess of forty (40) hours per individual work week, and in fact regularly worked in excess of fifty (50) hours in individual work weeks.

27.     As a result of the expenses described in Paragraphs 17, 18, and 19, *supra,* and Defendants' failure to reimburse these expenses as required by law, Plaintiffs' regular rate of pay was unlawfully reduced.

28.     Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

29.    Plaintiffs who worked overtime in excess of forty (40) hours during their first work week were not paid the promised overtime premium for the hours they worked in excess of forty (40) hours per week.

30.    Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

31.    Defendants' failure and refusal to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

32.    Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and,

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

33.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.* for Defendants' failure to pay the federal minimum wage to Plaintiffs for all time they worked for Defendants.

34.     During 2007, Plaintiffs were employed by Defendants and paid on an hourly basis.

35.     During the course of their employment by Defendants, Plaintiffs were employed by Defendants and were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §207.

36.     Plaintiffs incurred fees and expenses in traveling to Defendants' place of business described in Paragraphs 17, 18 and 19, *supra.*

37.     The expenses described above were primarily for the benefit of the Defendants as matter of law under the FLSA.

38.     Defendants' failure to reimburse Plaintiffs by providing supplemental payment to Plaintiffs in the first week of work deprived them of rights protected under the FLSA.

39.     As a result of the expenses described in Paragraphs 17, 18, and 19, *supra* and Defendants' failure to reimburse those expenses, Plaintiffs were not paid at least the FLSA minimum wage or the promised hourly wage for the first forty (40) hours of work during the first work week.

40.     As a result of the expenses described in Paragraphs 17, 18, 19, *supra,* and Defendants' failure to reimburse those expenses, Plaintiffs were not paid at least the minimum wage established by U.S. Department of Labor regulations as a minimum wage for H-2B visa workers or the promised hourly wage for the first forty (40) hours of work during the first work week.

41.     Defendants' violation of the FLSA was a willful violation and pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages  was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiffs ;

7

B.    Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and,

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law- Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

42.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

43.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

44.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

45.    Defendants violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

46.    Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

8

A.    A judgment in the amount of all back wages due as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

47.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

48.    The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*  Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

49.    During the three (3) years prior to filing their Complaint, Plaintiffs were employed by Defendants and paid on an hourly basis.

50.    Plaintiffs were employed by Defendants and were not exempt from the minimum wage provisions of the IMWL 820 ILCS 105/3(d).

51.    Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated the Illinois-mandated minimum wage for all time worked.

9

52.    As a result of the unauthorized deductions described in Paragraphs 17 through 20, *supra*, Plaintiffs' actual hourly wage fell below the Illinois-mandated minimum wage.

53.    Defendants violated the IMWL by failing to compensate Plaintiffs the Illinois-mandated minimum wage for all time worked in individual work weeks.

54.    Pursuant to the IMWL, Plaintiffs are entitled to recover their unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments. 820 ILCS 105/12(a).

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of unpaid minimum wages for all hours worked;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

55.    This count arises from Defendants' violation of the IWPCA for failing to pay Plaintiffs their earned wages at the rate agreed to by the parties.

56.    Plaintiffs performed work for Defendants during the course of their employment with Defendants.

57.    Pursuant to the IWPCA, Plaintiffs were entitled to be compensated for all time worked for Defendants at the rate agreed to by the parties.

10

58.     Defendants failed and refused to compensate Plaintiffs for all time worked for Defendants at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

59.     Plaintiffs were damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due as provided by IWPCA, 820 ILCS 115/1 *et seq.*;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.     Reasonable attorneys' fees and costs of this action;

D.     A Court order determining the rights of the parties and directing Defendants to account for all hours worked and wages owed to Plaintiffs; and,

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Wage Payment and Collection Act- Unauthorized Deductions

Plaintiffs hereby reallege and incorporate paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

60.     During the course of Plaintiffs' employment, Defendants made deductions from Plaintiffs' wages for, among other things, rent, utilities, groceries, and uniform costs. Paragraphs 17, 20, and 21, *supra.*

61.     Such deductions and fines (1) were not required by law; (2) were not to Plaintiffs' benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

62.     Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and

11

unlawful deductions from Plaintiffs' wages.

63.    Plaintiffs were damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of all back wages due as provided by the IWPCA;

B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.    Reasonable attorneys' fees and costs of this action;

D.    A Court order determining the rights of the parties and directing Defendants to account for all hours worked and wages paid to Plaintiff during his employment;

E.    An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and,

F.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  June 27, 2008

s/ John E. Untereker
JOHN E. UNTEREKER (ARDC #6290945)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

VINCENT H. BECKMAN III (ARDC #0152803)
Farmworker Advocacy Project
100 W. Monroe Street, Suite 1800
Chicago, IL 60603
(312) 784-3522

Attorneys for Plaintiffs

12